IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

ANTONIO LEON ELLIS,               )
                                  )
            Petitioner,           )
                                  )
vs.                               )        Case No. 07-CV-505-GKF-FHM
                                  )
JUSTIN JONES,                     )
                                  )
            Respondent.           )

## OPINION AND ORDER

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 7). Petitioner, a state inmate appearing *pro se*, filed a response (Dkt. # 9) to the motion to dismiss. Respondent seeks dismissal of this action under 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA") (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the petition was not timely filed. Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

### BACKGROUND

Petitioner challenges his convictions entered in Tulsa County District Court, Case No. CF-2003-4365. See Dkt. #1. The record provided by Respondent reflects that on October 12, 2004, Petitioner entered blind pleas of guilty to two (2) counts of Robbery With Firearm (Counts 1 and 2). See Dkt. # 8, Ex. 1 at page 12 of 22. The trial court accepted the pleas and found Petitioner guilty. Id. That same day, following a trial by jury, Petitioner was found guilty of Attempted Robbery With Firearm (Count 3) and Felony Murder (Count 4). Id. The jury recommended that Petitioner be sentenced to life imprisonment on each count. Id. On November 23, 2004, the trial

court judge sentenced Petitioner in open court to twenty (20) years imprisonment on each of Counts 1 and 2, to be served concurrently, and to life imprisonment on Count 4, to be served consecutive to Counts 1 and 2. Id. at page 13 of 22. Count 3 was dismissed. Id. Petitioner did not file a motion to withdraw his guilty pleas and did not otherwise perfect either a *certiorari* or direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA").  See id.

On October 21, 2005, Petitioner filed an application for judicial review. Id. at page 18 of 22. That application was denied on October 31, 2005.  Id.

On June 7, 2006, Petitioner filed an application for post-conviction relief.  Id. The state district court denied the application by order filed July 18, 2006.  Id. at page 19 of 22.  Petitioner appealed to the OCCA, and by order filed September 20, 2006, in Case No. PC-2006-865, the OCCA affirmed the district court's denial of post-conviction relief. See Dkt. # 8, Ex. 2.

On February 1, 2007, Petitioner filed a second application for post-conviction relief.  See Dkt. # 8, Ex. 3.  On March 30, 2007, the state district court denied the application. See Dkt. # 8, Ex. 1 at page 20 of 22.  Petitioner appealed. By order filed May 30, 2007, in Case No. PC-2007-415, the OCCA affirmed the denial of the second application for post-conviction relief. See Dkt. # 8, Ex. 3.

Petitioner filed his petition for writ of habeas corpus on September 6, 2007. See Dkt. # 1.

### *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his guilty pleas and failed to file a notice of intent appeal after sentencing, his conviction became final, pursuant to § 2244(d)(1)(A), ten (10) days after pronouncement of his Judgment and Sentence, or on December 3, 2004. See Rule 4.2, *Rules of the Oklahoma Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty or *nolo contendere*); Rule 2.1(B), *Rules of the Oklahoma Court of Criminal Appeals* (requiring trial counsel to file with the trial court a written notice of intent to appeal and a designation of record within ten (10) days from the date the Judgment and Sentence is imposed in open court). As a result, Petitioner's one-year limitations clock for any claim challenging his convictions, including the claims raised in the instant

petition, began to run on December 3, 2004. Absent a tolling event, a federal petition for writ of habeas corpus filed after December 3, 2005, would be untimely.  See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, Petitioner did not seek any post-conviction relief during the relevant period.  First, the application for judicial review was filed on October 21, 2005, or before the limitations deadline, but it was not a "post-conviction proceeding" for purposes of tolling the AEDPA limitations period. Nicholson v. Higgins, 147 Fed.Appx. 7, 8 n. 2 (10th Cir. 2005) (determining that because motions for judicial review, pursuant to Okla. Stat. tit. 22, § 982a, seek discretionary review and their denial is not appealable, they cannot be construed as applications for post-conviction relief and do not toll the limitations period under § 2244(d)(2)).  Next, Petitioner's applications for post-conviction relief were not filed until June 7, 2006, and February 1, 2007, or well after the December 3, 2005, deadline.  A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations.  See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).  As a result, the post-conviction proceedings commenced by Petitioner after expiration of the limitations period did not toll the limitations period.  Therefore, this action, commenced on September 6, 2007, appears to be untimely.

In response to the motion to dismiss, see Dkt. # 9, Petitioner asserts that his petition should be considered timely because the "government created an impediment when no prison law library existed at Cimarron Correctional Facility and it became accessible on transferring to another facility

4

months later when the time for filing was due." That allegation is insufficient to demonstrate entitlement to either statutory or equitable tolling of the limitations period. Petitioner acknowledges that his facility provided the services of an attorney, Don Pope, to assist inmates. See Dkt. # 9, attached Sworn Statement. Petitioner states he was dissatisfied with Mr. Pope's assistance and chose not to use his services. Id. Significantly, Petitioner has made no factual allegation suggesting that the assistance provided by Mr. Pope somehow prevented him from being able to file a timely habeas petition. See Weibley v. Kaiser, 50 Fed.Appx. 399, 403 (10th Cir. 2002) (unpublished). As a result, the Court rejects Petitioner's claim that he is entitled to extend the commencement of his one-year limitations period under § 2244(d)(1)(B) (providing that the limitations period commences on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, *if the applicant was prevented from filing by such state action*." (emphasis added)). See also Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (rejecting § 2244(d)(1)(B) claim of impediment from constitutionally inadequate access to legal materials, holding "[i]t is not enough to say that the . . . prison facility lacked all relevant statutes and case law or that the procedure to request specific material was inadequate"). As discussed above, Petitioner's one-year period began to run pursuant to § 2244(d)(1)(A), when his convictions became final.

The Court further finds Petitioner has failed to demonstrate entitlement to equitable tolling. The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling. See Miller, 141 F.3d at 978; see also Gibson v. Klinger, 232 F.3d 799,

5

808 (10th Cir. 2000). Petitioner has not met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. <u>Gibson</u>, 232 F.3d at 808 (stating that AEDPA's statute of limitations is subject to equitable tolling in "rare and exceptional circumstances"). As discussed above, Petitioner chose not to use the services of attorney Don Pope, made available through his facility. <u>See</u> Dkt. # 9, attached Sworn Statement. His conclusory allegations are insufficient to demonstrate entitlement to equitable tolling due to inadequacy of the legal assistance provided by his facility. <u>Cf.</u> <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'") (citations omitted). Petitioner also alleges that he was in segregation from October 18, 2005, through January 19, 2006, or during the last two (2) months of his one-year period.  He offers no explanation, however, for his failure to pursue his claims prior to October 18, 2005. Petitioner has not shown that he pursued his federal claims diligently. Furthermore, he has failed to demonstrate that his inability to file his habeas petition within the one-year period was due to extraordinary circumstances beyond his control. <u>Gibson</u>, 232 F.3d at 808. Petitioner is not entitled to equitable tolling.

Finding no statutory or equitable basis for extending the limitations period, the Court concludes that the petition for writ of habeas corpus, filed September 6, 2007, is untimely. Respondent's motion to dismiss shall be granted.

6

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.   Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the

statute of limitations (Dkt. # 7) is **granted**.

2.   The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3.   A separate Judgment shall be entered in this case.

DATED THIS 14th  day of July 2008.


Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma